## THE SANGAMON COAL MINING COMPANY
v.
## WILLIAM WIGGERHAUS.

*Mines—Sec. 8, Chap. 93, R. S.—Application—Personal Injury—Recovery Sustained.*

Sec. 8, Chap. 93, R. S., applies to mines in which the cars are drawn by mules as well as to those in which they are operated by machinery.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PATTON & HAMILTON, for appellant.

Messrs. ORENDORFF & PATTON and JAMES E. DOWLING, for appellee.

CONGER, J. This was a suit brought by appellee against appellant to recover for injuries received by appellee while in the employment of appellant.

Appellee was engaged in loading cars, and it was his duty to get empty cars, which he had to push from a switch, some fifteen or twenty feet from a door placed across the track, down the track through the door to the points where needed, in order to have them loaded. The door was between five and six feet

wide, built with the intention to have it open either way, and necessary to be so placed in the gangway, for purposes of ventilation. From the switch back to the door the track descended so that the cars would, of their own momentum, run toward the door. Appellee claims at the time of receiving the injury that the door in question worked hard and would not readily open to the inside, but would easily open outwardly or toward the place where the switch was, whither he was going for empty cars. That just as he had pushed the door open and passed through it, some loaded cars just in front of him, for some reason, came back against him, and being unable to push the door open, and there not being sufficient room on either side of the track to escape, he was caught between the cars and the frame work of the door and injured.

The declaration consists of three counts. The first is based upon Sec. 8, Chap. 93, which is as follows: " And all underground, self-acting, or engine planes or gangways on which coal cars are drawn and persons travel, shall be provided with some proper means of signaling between the stopping places, and the end of said planes or gangways, and sufficient places of refuge at the sides of such planes or gangways shall be provided at intervals of not more than twenty feet apart."

It is insisted by appellant that this provision does not apply to gangways, where, as in the present case, the cars were drawn by mules, but only to those mines where the cars in the gangways are operated by machinery.

We can not assent to this construction of the section referred to, but think the word "underground," qualifies and describes both the words planes and gangways, so that the true meaning may be thus expressed: "All underground self-acting or engine planes, or all underground gangways on which coal cars are drawn and persons travel shall," etc. This construction would carry out the evident intention of the Legislature, which was to afford protection to those engaged in operating mines, without reference to the motive power used in moving cars. The second count is substantially the same as the first, with the further allegation that it was the duty of appellant to keep the door across said underground planes

or gangways in such condition as that they could be easily opened with safety to persons, etc.; avers a breach, and that whilst traveling on said gangway the plaintiff was unable to open a door across the same or pass through it, and as a result he was injured by some loaded cars striking him and throwing him between them and the door and side of the gangway.

The third count is based upon the common law liability of appellant for its failure to keep sufficient space on the sides of its underground planes, etc., and gangways free of all obstruction, so that persons traveling on them could step aside on the approach of cars and avoid injury, etc.

It would accomplish no useful purpose to give even an outline of the evidence. As usual in such cases it was somewhat conflicting, but from a careful consideration of it all, we think the jury were warranted in finding that the injury was caused by appellant's negligence, without fault upon the part of appellee.

Neither do we think the instructions justly subject to the objections made to them; but when they are applied to the different counts of the declaration they are substantially correct. The judgment will be affirmed.

*Judgment affirmed.*